UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------
                                          :
  KATHERINE VASQUEZ,                      :
                                          :        16cv692
                          Plaintiff,      :
                                          :        OPINION AND ORDER
              -against-                   :
                                          :
  701 W. 135TH CAFÉ, INC., *et al.*,      :
                                          :
                          Defendants.     :
                                          :
------------------------------------------

WILLIAM H. PAULEY III, District Judge:

On October 14, 2016, Plaintiff's counsel submitted a settlement agreement (the "Settlement" (ECF No. 32)) and a proposed stipulation asking this Court to dismiss this action with prejudice.  In Fair Labor Standards Act ("FLSA") cases, "parties cannot settle their [] claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)" without the Court's approval.  Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 200 (2d Cir. 2015).  After reviewing the proposed Settlement, Plaintiff's request for judicial approval and dismissal of this action is denied.

"District courts must evaluate whether a proposed FLSA settlement is 'fair and reasonable' and whether any proposed award of attorneys' fees is reasonable."  Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015).  A host of relevant factors are considered in determining whether to approve a proposed settlement, including: (1) plaintiff's range of possible recovery, (2) the extent to which a settlement will ease the burden of additional litigation; (3) the seriousness of the risks faced by the parties; (4) whether the settlement is the product of arms-length bargaining; and (5) the possibility of fraud or collusion.  See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  In any case, determination of what is

"fair and reasonable" is an "information intensive undertaking."  <u>Lopez</u>, 96 F. Supp. 3d at 176.

At a minimum, the Court requires "evidence as to the nature of plaintiffs' claims, the <u>bona fides</u>

of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and

to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the

probability of plaintiffs' success on the merits, and evidence supporting any requested fee

award."  <u>Lopez</u>, 96 F. Supp. 3d at 176.

Here, the "Releases" section of the Settlement is "far too sweeping."  <u>Camacho v.</u>

<u>Ess–a–Bagel, Inc.</u>, 14 Civ. 2592 (LAK), 2015 WL 129723, at *1 (S.D.N.Y. Jan. 9, 2015); <u>see</u>

<u>also</u> <u>Cheeks</u>, 796 F.3d at 206 (recognizing that courts have recently rejected proposed FLSA

settlements containing an overbroad release); <u>Thallapaka v. Sheridan Hotel Associates LLC</u>, No.

15-cv-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015).  Specifically, the

Settlement releases Defendants from "any actions, charges, complaints, controversies, demands,

and/or causes of action . . . arising from or relating to <u>anything</u> that happened before Plaintiff

signs" the Settlement.  (<u>See</u> ECF No. 32, Ex. 1, Sec. 2. (emphasis added).)  The parties have

every right to enter a settlement that waives claims relating to the underlying action in exchange

for a settlement payment.  But employers may not use "FLSA settlements to erase all liability

whatsoever in exchange for partial payment of wages allegedly required by statute."  <u>Lopez</u>, 96

F. Supp. 3d at 181; <u>Garcia v. Jambox, Inc.</u>, 2015 WL 2359502, at * (S.D.N.Y. Apr. 27, 2015)

("The broad-sweeping release found in the [Settlement] is inconsistent with the underlying

policies of the FLSA, and we will therefore not approve the [Settlement] until the release is

sufficiently narrowed to cover only released conduct that arises out of the identical factual

predicate as the settled conduct.").

The Settlement also apportions approximately 33% of the total settlement sum toward payment of attorneys' fees.  When a FLSA settlement includes payment of attorneys' fees, "[t]he Court must . . . separately assess the reasonableness of [those fees], even when the fee is negotiated as part of a settlement rather than judicially determined."  Beckert v. Rubinov, No. 15-cv-1951 (PAE), 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (internal citations omitted).  "As the fee applicant, plaintiff[] bear[s] the burden of documenting the hours reasonably spent by counsel, the reasonableness of the hourly rates claimed."  Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

Here, Plaintiff's counsel provided a spreadsheet showing the number of hours worked and a description of the various tasks rendered in connection with the matter but omitted any information regarding hourly rates and the total amount of fees incurred.  Although this Court presumes the contingent nature of counsel's representation, it is left with an incomplete picture of the risks and costs assumed by counsel, and lacks the necessary information from which it can conclude that the fee request in relation to the settlement is fair and reasonable.  See Allende, 783 F. Supp. 2d at 512.  For example, this Court is simply unable to calculate the lodestar to determine the reasonableness of the fee request in relation to the total settlement.  The hourly rates and total amount of fees incurred are important components to establishing a "factual basis for the award," and therefore must be submitted in connection with any fee request.  Wolinsky, 900 F. Supp. 2d at 336.

This Court has no way of assessing the reasonableness of a 33% fee award without more information.  This case required relatively minimal effort—the action was commenced in January 2016; little, if any, discovery was taken; and Plaintiffs' counsel billed a

total of 24 hours on the case.  And while there is a "greater range of reasonableness for

approving attorney's fees" in an individual FLSA action where the parties settled on the fee

through negotiation, there is scant information to "scrutinize the settlement and the

circumstances in which it was reached, if only to ensure that the interest of plaintiffs' counsel in

counsel's own compensation did not adversely affect the extent of the relief counsel procured for

the clients." Wolinksy, 900 F. Supp. 2d at 336 (internal quotation marks and citations omitted).

      Plaintiff's counsel is directed to: (1) submit a revised Settlement reflecting a more

circumscribed release; and (2) submit the hourly rates of each timekeeper who worked on this

case, the total amount of fees incurred in connection with prosecuting this action, and any other

relevant information to assist this Court in determining that counsel's fee request is fair and

reasonable in relation to the total Settlement.  Such filing should be made no later than December

19, 2016.

Dated: December 12, 2016
      New York, New York

                     SO ORDERED:

                     WILLIAM H. PAULEY III
                      U.S.D.J.